# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS O. HARRIS, et al.,** | : Civil Action No. 1:09-cv-02171 |
|     **Plaintiffs** | : |
| | : (Chief Judge Kane) |
| **v.** | : |
| | : |
| **JAMES E. DEARDORFF, JR., et al.,** | : |
|     **Defendants** | : |

## MEMORANDUM ORDER

Plaintiffs Douglas O. Harris and Connie S. Harris filed a complaint in this action on November 6, 2009. (Doc. No. 1.) On that same date, the Court issued summons to Plaintiff for service on, inter alia, Defendants Bill Bryson, Allsource Mortgage, Joanne M. Seeley, Sean Seeley, and S&D Property Solutions, LLC. A case management telephone conference was scheduled in this action on October 15, 2011, at 11:00 a.m., but Plaintiff's counsel, Ms. Margaret M. Stuski, failed to appear at the conference. (See Doc. No. 44.) As a result, on October 15, 2010, the Court issued an order, directing Plaintiffs to show cause as to why this action should not be dismissed for failure to prosecute. (Id.) Also on that date, the Court issued an order, directing Plaintiffs to show cause as to why the aforementioned Defendants should not be dismissed in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 43.) On October 22, 2010, Ms. Stuski filed a reply to the latter order in letter form. (Doc. No. 45.)

On November 17, 2010, the Court issued an order, stating that a status conference would be held on December 14, 2010. (Doc. No. 47.) On December 14, 2010, the Court received a letter from Ms. Stuski in which she apologized for her delays, stated that she was facing both professional and personal difficulties, and indicated that she intended to prepare and file default notices. (Doc. No. 48.) On the same date, the Court held the status conference, at which Ms.

Stuski reiterated her intent to file a motion for default judgment against those Defendants who had failed to answer the complaint. (See Doc. No. 49.) Despite her assertions, Ms. Stuski failed to file a motion for default judgment. As a result, on January 27, 2011, the Court issued an order, directing Plaintiffs to show cause on or before February 9, 2011, why the case should not be dismissed for failure to prosecute. (Doc. No. 50.) To date, Plaintiffs have not responded to the order. For the following reasons, the Court will dismiss Plaintiffs' action.

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 50 1U.S. 32, 44 (1991). Nevertheless, because of the severity of a dismissal sanction, district courts should provide plaintiffs with an opportunity to explain their reasons for failing to prosecute her action or comply with court orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). After plaintiffs are given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). None of these factors is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

First, with respect to Plaintiffs' personal responsibility, the Court finds that Plaintiffs' counsel, Ms. Stuski, is primarily responsible for the failure to comply with the Court's order or otherwise prosecute the instant action. However, Plaintiffs cannot be totally devoid of responsibility solely because they are represented by counsel in this action. See Poulis, 747 F.2d at 868. While the Court may excuse a plaintiff's ignorance of the Federal Rules of Civil Procedure, the Court notes that, in this case, reasonably diligent plaintiffs would have taken steps to either ensure that their attorney was actively pursuing this litigation or to retain new counsel if their attorney was not willing or able to do so.

Second, the Court will address the prejudice to Defendants caused by Plaintiffs' failure to prosecute their claims. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (internal quotation marks and citation omitted). But "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Id. (internal citations and quotation marks omitted). The instant litigation has been pending for over two years, and Plaintiffs and Ms. Stuski have given no indication that Plaintiffs plan to return to this case. Further, it has been over one year since Plaintiffs filed a document in this case. (See Doc. No. 48.) Accordingly, the Court finds that the prejudice to Defendants is severe and weighs heavily in favor of dismissal.

Third, the Court will consider Plaintiffs' history of dilatoriness before the Court. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent . . . tardiness in complying with court orders." Id. at 260. Plaintiffs' conduct in this

litigation has not been acceptable.  Plaintiffs have taken no action in this case for over one year and failed to even attempt to comply with the Court's January 27, 2011 order, which warned them that failure to respond to the order may result in dismissal of the action for failure to prosecute.  It appears that Plaintiffs have completely ignored that order as well as this litigation in its entirety.  Accordingly, the Court finds that Plaintiffs' dilatoriness has been significant and weighs heavily in favor of dismissal.

With respect to the fourth factor, the Court must consider whether the conduct of Plaintiffs or their counsel was "the type of willful or contumacious behavior which was characterized as flagrant bad faith."  Id. at 262.  The Court finds that the conduct of Plaintiffs and Ms. Stuski demonstrates a willful disregard for the Court's directives and the opposing parties.  This factor, therefore, weighs in favor of dismissal.

Regarding the fifth factor, the Court must consider whether alternative sanctions would be effective.  Because the Court "cannot envision a[n] [alternative] sanction" that would be effective in bringing about Plaintiffs' compliance with Court orders in this action, the Court concludes that this factor weighs in favor of dismissal.  See id.

Finally, in determining whether a plaintiff's claims are meritorious, courts generally use the standard for a motion to dismiss for failure to state a claim.  Id. at 263.  Thus, a claim is deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff."  Id.  Plaintiffs' claims appear to be facially meritorious; their complaint is thirty-six pages in length, includes thirteen counts, and avers facts in support of each alleged violation.  (Doc. No. 1.)  Accordingly, this factor will weigh against dismissal of the action.

In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation"

to determine how they are considered.  Briscoe, 538 F.3d at 263.  Instead, it is within this Court's discretion to balance these factors.  Id.  Upon weighing the factors, the Court finds that dismissal is warranted in this action.  In reaching this decision, the Court is especially mindful of the fact that Plaintiffs have taken absolutely no action to pursue this litigation for over one year.  Further, they have had over eleven months to respond to the Court's show cause order and have made no effort to do so.  The conduct of Plaintiffs and Ms. Stuski, quite simply, indicates that they have no intention whatsoever to further pursue Plaintiffs' claims.[1]  Such conduct cannot be tolerated.

**ACCORDINGLY**, on this 9th day of January 2012, **IT IS HEREBY ORDERED THAT**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the claims of Plaintiffs are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The Court notes that Ms. Stuski is counsel for the plaintiff in a similar case pending before this Court, Hocker v. CitiMortgage, Inc., 1:09-cv-00973.  In Hocker, Ms. Stuski filed five responses to Court orders during the past two months, indicating that there are no extraordinary circumstances excusing her lack of diligence in the present matter.